# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| CALVIN CARTER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. 3:19-cv-00965 |
|  | ) | Judge Trauger |
| MONTE WATKINS, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

The plaintiff, Calvin Carter, is an inmate in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee. Proceeding pro se, the plaintiff has filed a complaint under 42 U.S.C. § 1983 (Doc. No. 1) and has paid the filing fee.

The case is before the court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A and 42 U.S.C. § 1997e.

## I. Initial Review of the Complaint

### A. PLRA Screening Standard

Pursuant to 28 U.S.C. § 1915A, the court must conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and must dismiss the complaint or any portion thereof if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. This initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the court must view the complaint in the light most favorable to the plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, *pro se* pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

**B.     Section 1983 Standard**

The plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, the plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was

caused by a person acting under color of state law. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014).

### C. Allegations and Claims

The plaintiff alleges that he has been incarcerated since April 4, 2015, on a first-degree murder charge. (Doc. No. 1 at 5, 13.) His trial was first continued on November 27, 2017 and was continued again on August 13, 2018. (*Id.* at 14.) After two more continuances of the plaintiff's trial date and the appointment of his fifth defense attorney, the plaintiff has a current trial setting before Judge Monte Watkins on June 22, 2020. (*Id.* at 15–17.) His fifth and current defense attorney, Mrs. Carrie Searcy, filed a motion asserting a speedy trial violation in September 2019, and Judge Watkins heard the motion in October. Judge Watkins denied the motion, refusing to dismiss the case against the plaintiff or reduce his bond because the plaintiff had "fired too many of [his] court appointed attorney[s]." (*Id.*)

The plaintiff alleges that his Sixth and Fourteenth Amendment rights, in addition to his rights under Tennessee constitutional and statutory law,[1] are being violated by the denial of a speedy trial due to Judge Watkins granting a continuance to state prosecutor Deborah Housel or removing the plaintiff's defense attorney every time he gets close to his trial date. (*Id.* at 3–4, 12–13.) He alleges that Housel's multiple requests for continuances are motivated by the weakness of her case against him. (*Id.* at 12–13.) The plaintiff sues both defendants in their official capacity (*id.* at 2), seeking an award of one million dollars for pain and suffering related to his "oppressive pre-trial incarceration" and "a speedy and public trial, by an impartial jury of the stat[e] of Tennessee as well." (*Id.* at 5, 18.)

---

[1] The plaintiff claims that the defendants have violated his rights under Article I, Section 9 of the Tennessee Constitution and Section 40-14-101 of the Tennessee Code, both of which ensure the right of the criminally accused to a speedy trial.

3

**D. Analysis**

The plaintiff has sued a state judge and prosecutor, seeking monetary and injunctive relief. However, neither form of relief is available against these defendants based on the plaintiff's allegations.

To begin with, both Judge Watkins and Assistant District Attorney Deborah Housel are immune from the plaintiff's damages claim under Section 1983. A suit for damages against a state employee in her official capacity is a suit against the employing state agency, which is no different than a suit against the state itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing, e.g., *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). The Eleventh Amendment prohibits suits against a state in federal court. *Kentucky*, 473 U.S. 159; *Pennhurst State Schl. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984). Furthermore, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71.[2] Any official-capacity claims for damages against these defendants are therefore barred by the Eleventh Amendment and outside the purview of Section 1983.

Even if the complaint were liberally construed to state individual capacity claims, both defendants enjoy absolute immunity from suit on such claims. It is well established that judges are absolutely immune from Section 1983 liability for their judicial acts. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997). Similarly, prosecutors enjoy absolute immunity from suit under Section 1983 for conduct related to the initiation and presentation of the state's case. *Imbler v. Pachtman*, 424

---

[2] "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. 71 n.10 (citation and internal quotation marks omitted).

U.S. 409, 420, 431 (1976); *Howell v. Sanders,* 668 F.3d 344, 349 (6th Cir. 2012). The plaintiff does not allege that either defendant acted outside the scope of their official duties in proceeding against him. At best, he alleges that they performed their judicial and prosecutorial functions in a biased or wrongful way. However, the immunity afforded to judges and prosecutors is not defeated by allegations that such officials acted maliciously or corruptly, as it is in the public interest that these officials be able to perform their functions without fear of consequences, even when their motives in performing such functions are questioned. *Imbler*, 424 U.S. at 427–28; *Pierson*, 386 U.S. at 554. Accordingly, any claim against the defendants in their individual capacity would be subject to dismissal.

The plaintiff's claim for injunctive relief against these defendants in their official capacity–in the form of an order for "a speedy and public trial" (Doc. No. 1 at 18)–also fails. Although official-capacity claims for injunctive relief against state officials are not precluded by the Eleventh Amendment, Section 1983 itself states that "injunctive relief shall not be granted," except in circumstances not present here, against a judicial officer such as Judge Watkins "for an act or omission taken in such officer's judicial capacity." 42 U.S.C. § 1983. Moreover, as to the request for an order directing defendant Housel to proceed to trial against the plaintiff, it is clear that a federal court should not interfere with pending state court criminal proceedings but must abstain from enjoining such proceedings absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state judicial proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996). All three factors are present in this case, as state

5

criminal proceedings against the plaintiff are still pending; such proceedings undoubtedly implicate important state interests; and the state courts would presumably hear his speedy trial and due process claims. *See Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000).

Although an exception to this rule of abstention is made where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975), this exception is narrow, and will not be triggered by mere allegations of bad faith or harassment. *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). In the case at bar, there is no allegation that the plaintiff will be greatly, immediately, and irreparably injured if ongoing state proceedings are not enjoined. He has a trial setting in June 2020, and has not alleged that his is the extraordinary case where the defendants have proven to be proceeding against him despite having no hope of obtaining a valid conviction. The plaintiff therefore fails at this time to state an actionable claim for injunctive relief.

In sum, the complaint fails to state a viable claim to relief under Section 1983 and must therefore be dismissed. Because no federal claims remain, the court in its discretion declines to exercise supplemental jurisdiction over the plaintiff's state law claims and dismisses those claims without prejudice. *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996).

**III.    Conclusion**

In light of the foregoing, this action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A, for failure to state a claim upon which relief can be granted. The plaintiff's state law claims are dismissed without prejudice to his right to pursue them in state court.

This is the final order in this action. The Clerk **MUST** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge